IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HYRAM L. POSEY, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. G-04-328 |
| UNION PACIFIC RAILROAD COMPANY, | § |
| Defendant. | § |

**ORDER GRANTING DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This lawsuit arises out of injuries allegedly sustained by Hyram L. Posey ("Plaintiff") while employed by Union Pacific Railroad Company ("Defendant"). Now before the Court is Defendant's Motion for Partial Summary Judgment. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**I. Background**

Plaintiff, an engineer, alleges that he suffered severe injuries on March 25, 2004, when he could not avoid hitting a truck parked on the tracks. He says that safety required him to leave his seat and get on the floor because he was afraid that the truck would crash through the windshield of the locomotive and hit him. Because he could not raise the armrests of his seat or get the seat to swivel properly, he had to dive over the armrest. Plaintiff has alleged a general negligence cause of action under the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 ("FELA") as well as a violation of the Locomotive Inspection Act, 49 U.S.C. §§ 20701-03 ("LIA"), and its accompanying regulations. Defendant moves for summary judgment on Plaintiff's LIA claim only.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. at 2512. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 257, 106 S. Ct. at 2514; *see also Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Once the moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## III. Analysis

A railroad is strictly liable for injuries caused by a integral or required parts of a locomotive that are not "in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701; *see Southern R.R. Co. v. Lunsford*, 297 U.S. 398, 402, 56 S. Ct. 504, 506, 80 L. Ed. 740 (1936) ("Whatever in fact is an integral or essential part of a completed locomotive, and all parts or attachments definitely prescribed by lawful order of the Interstate Commerce Commission, are within the statute."). Regardless of whether the swivel or armrest features of the seat of the locomotive were integral or required parts, Plaintiff must show that those parts were not in proper condition or that they were not safe to operate. Plaintiff has not produced any objective evidence of a defect in the seat, nor has he produced evidence that a seat's failure to swivel or an armrest's failure to raise constitutes an unnecessary danger of personal injury. *See Gregory v. Missouri Pac. R.R. Co.*, 32 F.3d 160, 166 (5th Cir. 1994).

Plaintiff states in his affidavit that when the locomotive hit the truck, he could not raise the armrest or swivel the seat. (Posey Aff.) He also states that these features frequently fail to work properly when the locomotive is in motion. (Posey Aff.) Plaintiff has also produced the affidavit of fellow employee James T. Mayfield, who, like Plaintiff, says that these features usually work when the locomotive is stationary and fail when it is in motion. (Mayfield Aff.) Defendant has produced records of two inspections. One was made a few days after the accident. While the checklist does not mention the seat specifically, the purpose of the inspection was to examine the locomotive for defects related to the accident. (Def. Ex. C.) According to the inspection record, everything checked out "OK," including the general category of "other parts." (Def. Ex. C.) The second inspection occurred about two months after the accident. (Def. Ex. D.) The swivel motion of the seat and the armrests were specifically checked, and no defect was found. (Def. Ex. D.)

While James Mayfield's affidavit may support Plaintiff's statement that the armrests and

-3-

swivel often have problems when the locomotive is in motion, Plaintiff has only his own self-serving statement to support his conclusion that the seat was defective at the time of the accident. In contrast, Defendant has produced records of two inspections in which no problem was found. Relying on Plaintiff's own statement to deny a motion for summary judgment would be no different than simply accepting all facts in the Complaint as true. This does not meet the requirements for rebutting a motion for summary judgment. *See Little*, 37 F.3d at 1075; *Benton-Volvo-Metarie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir. 1973) (finding that affidavits that simply repeated the pleadings did not have any probative value in summary judgment proceedings).

If these parts were a long-standing problem, as Plaintiff asserts, he, as an engineer, had a duty to report those problems to Defendant. Plaintiff himself inspected the locomotive before departure and found no problems with the seat. (Posey Dep. at 45-60.) Plaintiff argues that he only had to inspect for the existence of the seat, but the regulations implementing the LIA require daily inspection for compliance with all regulations. *See* 49 C.F.R. § 299.1. To the extent Plaintiff argues that the seat violated the language of the LIA that is mirrored in 49 C.F.R. 229.7, requiring the locomotive to be "in proper condition and safe to operate . . . without unnecessary peril to life and limb," Plaintiff should have inspected for problems with the swivel and armrests. The fact that Plaintiff apparently did not report these problems or note them in his inspection supports Defendant's argument that no such problem existed. Because Defendant has shown that no genuine issue of material fact exists as to whether the seat was in the proper condition and safe to operate, Defendant's Motion for Partial Summary Judgment is hereby **GRANTED**. Plaintiff is of course still free to pursue his claim under FELA.

### IV. Conclusion

For the above-stated reasons, Defendant's Motion for Partial Summary Judgment is hereby

**GRANTED**.  All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.  A Final Judgment addressing this and all other claims will be entered in due course.

**IT IS SO ORDERED.**

DONE this 9th day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge